UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| IRENE WALSH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Cause No.: 3:09-CV-314 |
|  | ) |  |
| COLDWATER CREEK US, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File an Amended Complaint filed by the plaintiff, Irene Walsh, on December 2, 2009 (docket at 13). The defendant, Coldwater Creek US, Inc., ("Coldwater Creek") filed a response in opposition to the motion on December 28, 2009 (docket at 16) and Walsh filed a reply brief on January 7, 2010 (docket at 20). For the reasons discussed below, the motion to amend is GRANTED. The Clerk of the Court is instructed to docket the Amended Complaint as of the date of this Order.

**DISCUSSION**

Plaintiff Irene Walsh initiated this action on June 16, 2009, by filing her original Complaint in the St. Joseph County Superior Court. Docket at 1. Defendant Coldwater Creek filed a Notice of Removal and removed the action to this court on July 17, 2009, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Docket at 2.[1] In her Complaint, Walsh

---

[1] In its Notice of Removal, Coldwater Creek states that it "is a citizen of the state of Delaware, with its principal place of business located in the State of Idaho." Notice of Removal, p. 1. Coldwater Creek asserted that since plaintiff Irene Walsh claimed that defendant was liable to her for, among other things, permanent and lasting personal injuries, the amount in controversy exceeded $75,000.00 (the threshold amount needed to establish diversity jurisdiction). Therefore, the case was removed to this court.

alleges that she was injured on July 12, 2008, while in a retail store she claims is owned and/or operated by Coldwater Creek. Complaint, docket at 1, pp. 1-2. In her motion to amend her Complaint, Walsh seeks to add her husband, Timothy J. Walsh, as a party plaintiff to prosecute a claim for loss of consortium. Motion to Amend, p. 1. Plaintiff states in her motion that "[t]he allegations against the original defendant, Coldwater Creek, remain the same[.]" and that "[t]here will be no unfair prejudice to defendant Coldwater Creek by granting plaintiff's motion" since "[n]o depositions have been taken nor has written discovery commenced." *Id*.

The Federal Rules of Civil Procedure dictate that once a responsive pleading has been filed and served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires*." Fed.R.Civ.P. 15(a)(2) (italics added). It is always preferable to litigate and resolve all claims as to all parties in a lawsuit as efficiently as possible, and for this reason amendments to complaints and answers should be freely permitted. Such efficiency benefits the parties as well as the court.

Coldwater Creek opposes the plaintiff's motion because "[i]n addition to being plaintiff's spouse, Mr. Walsh entered his appearance as plaintiff's attorney in this cause of action." Defendant's Response, p. 2.[2] Coldwater Creek claims that this fact presents an impediment to the fair litigation of this case and explains its position as follows:

---

[2] It is not clear why Mr. Walsh entered an appearance in this case on behalf of his wife, given that he knew, or should have anticipated, that he might have a loss of consortium claim or, at the very least, that he would almost certainly be called as a witness in the case. As Coldwater Creek points out, the Indiana Rules of Professional Conduct "preclud[e] an attorney from acting as an advocate in a case where he or she is expected to be a 'necessary witness.'" Defendant's Response, p. 3 (citing and quoting Ind.R.Prof.Conduct 3.7). In any event, Mrs. Walsh also has been represented from the outset of this case by two other attorneys–Edmond Foley and Kevin Toth–and Coldwater Creek has not raised any objection to their representation.

> As a result of Mr. Walsh's ongoing representation of plaintiff, if Mr. Walsh is added as a co-plaintiff in this matter, he may seek to invoke the attorney-client privilege and/or work product doctrine to obstruct and/or wholly prevent the defendant's ability to engage in a fruitful discovery process as to Mr. Walsh's loss of consortium claim and his personal knowledge of his wife's claim gained while acting as her husband rather than as her attorney, thus impeding defendant's ability to adequately defend itself against such claim.
>
> In the event Mr. Walsh withdraws himself from plaintiff's representation, he may still seek to invoke th attorney-client privilege and/or work product doctrine as to those communications/preparations made during the attorney-client relationship to obstruct and/or wholly prevent the defendant's ability to engage in a fruitful discovery process as to Mr. Walsh's loss of consortium claim . . ."

*Id.*, p. 2.[3]

Coldwater Creek also argues in its opposition brief that even if Mr. Walsh does not intend to impede the proceedings, he may essentially be forced do so. As Coldwater Creek points out, Indiana Rule of Professional Conduct 1.6 states, in part, that "[a] lawyer shall not reveal information relating to representation of a client . . ." and that duty "continues after the client-lawyer relationship has terminated." *Id.* (quoting Ind.R.Prof.Conduct 1.6(a) and comment 18 thereto). Therefore, argues Coldwater Creek, Mr. Walsh may have no choice but to refuse to participate completely and openly in the discovery process since he might have an ethical duty to refuse to reveal certain facts, communications, or knowledge he may have concerning his wife's claim or his own. *Id.*, pp. 2-3.

Coldwater Creek's concern is well placed. On the other hand, Timothy Walsh seeks to assert a potentially legitimate claim and he should be permitted to pursue that claim in this

---

[3] In fact, as Coldwater Creek alludes to, Mr. Walsh did indeed file a motion to withdraw his appearance in this case and the motion was granted by Magistrate Judge Nuechterlein on January 12, 2010 (docket at 24).

lawsuit.  The answer appears relatively simple.  Plaintiff should be permitted to amend her Complaint as requested, but Mr. Walsh should not be permitted to obstruct the proceedings in the manner Coldwater Creek argues he could if he is added as a party plaintiff.  Mr. Walsh faces a sort of conundrum.  If he refuses to respond to legitimate discovery requests by Coldwater Creek by asserting attorney-client privilege or the work-product doctrine, he risks damaging his own claim as well as his wife's claim by not completely and forthrightly revealing all facts and evidence in his possession.  If he makes such assertions he will no doubt face discovery disputes in this court, which may serve to slow the proceedings and, quite possibly, draw the ire of the court.

However, Mr. Walsh insists that he "will not hinder, impede, or otherwise obstruct the discovery process by invoking the attorney-client and/or work product privileges as to legitimate discovery requests for information relevant to his loss of consortium claim and the Plaintiff's claim."  Plaintiff's Reply, p. 1.  The court has no reason not to take Mr. Walsh at his word, which resolves Coldwater Creek's objection at this point.  No reason exists, in light of Mr. Walsh's declaration, to deny plaintiff's request to amend her Complaint.  This is also true since the attorney-client privilege can be waived, of course, by the client or former client.  The court anticipates that Mrs. Walsh would do just that if the issue arises during the course of discovery or at any other point in this litigation.  Finally, for the reasons expressed in the preceding paragraph, the court is confident that discovery in this case will proceed seamlessly.  For all of these reasons, the court concludes that the plaintiff should be permitted to amend her Complaint to add her husband as a plaintiff and to add his claim for loss of consortium.

## CONCLUSION

For the reasons set forth in this Opinion and Order, the Motion for Leave to File an Amended Complaint filed by the plaintiff is GRANTED; the Clerk of the Court is instructed to docket the Amended Complaint as of the date of this Order.

Date: January 19, 2010.

 /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana